1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16             UNITED STATES DISTRICT COURT
17             NORTHERN DISTRICT OF CALIFORNIA
18                  SAN FRANCISCO DIVISION
19

20 | JULIE MEYER,                             | Case No. 3:13-cv-05072-NC
21 |         Plaintiff,                       | **MODIFIED STIPULATION AND [PROPOSED] ORDER COMPELLING MEYER'S COMPLAINT TO ARBITRATION**
22 |    v.                                    |
23 | UNITED BEHAVIORAL HEALTH, INC., a        |
24 | Minnesota Corporation                    |
25 |         Defendant.                       |

26
27
28

**STIPULATION**

WHEREAS, Plaintiff Julie Meyer ("Meyer") is a former employee of United Healthcare Services, Inc. ("UHS"), and Meyer's employment with UHS began on or about August 26, 2006.

WHEREAS, on August 28, 2006, Meyer acknowledged and agreed to UHS's Arbitration Policy ("Arbitration Policy").  A copy of the Arbitration Policy is attached hereto as Exhibit A. The Arbitration Policy defines the Parties to include UnitedHealth Group Incorporated and its subsidiaries, which includes UnitedHealth Services, Inc.,  and its employees, which is defined to include all current and former employees.  Thus, the parties to the Arbitration Policy are Meyer and UHS.

WHEREAS, on September 27, 2013, Meyer filed a lawsuit against United Behavioral Health ("UBH") arising out of her employment with UHS.

The parties hereby stipulate and agree as follows:

1. The parties agree that, to the extent the statute of limitations for Meyer's claims against UHS had not expired as of September 27, 2013, Meyer's choice to file the September 27, 2013 Complaint, in lieu of filing an arbitration demand does not, in itself, render her Complaint untimely.

2. The parties agree that, because Meyer was employed by UHS and not UBH, UHS should be substituted as the named defendant, and UBH should be omitted from the Complaint.  The parties agree that, to the extent the statute of limitations for Meyer's claims against UHS had not expired as of September 27, 2013, Meyer's choice to name UBH instead of UHS does not, in itself, render her claims against UHS untimely.

3. The parties agree that Meyer will submit her claims against UHS to arbitration before the American Arbitration Association, in accordance with the terms of the Arbitration Policy.

//

//

| | |
|---|---|
| DATED: December 3, 2013 | SEYFARTH SHAW LLP |
| | By: \s\ Laura J. Maechtlen |
| | Laura J. Maechtlen |
| | Attorneys for Defendant UNITED HEALTHCARE SERVICES, INC. (erroneously sued as UNITED BEHAVIORAL HEALTH, INC.) |
| DATED: December 3, 2013 | MICHAEL J. REED, ATTORNEY AT LAW |
| | By: \s\ Michael J. Reed |
| | Michael J. Reed |
| | Attorneys for Plaintiff JULIE MEYER |

**ORDER**

Upon reviewing the parties' stipulation ~~and the parties' arbitration agreement~~, and finding good cause therefore, it is hereby ordered that:

1. Plaintiff is ordered to submit her Complaint to Arbitration before the American Arbitration Association, in accordance with the terms of the parties' arbitration agreement.
2. This matter is stayed in its entirety pending the completion of arbitration.
3. By December 1, 2014, the parties must file a joint report informing the Court of the status of the arbitration.

**IT IS SO ORDERED.**

DATED: December 13, 2013

_____

IT IS SO ORDERED
Judge Nathanael M. Cousins

16445872v.1

3
[PROPOSED] ORDER COMPELLING MEYER'S CLAIMS TO ARBITRATION